# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOMIR MEDICAL TECHNOLOGIES, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MCDERMOTT WILL & EMERY, LLP, MARK G. LAPPIN, SIMONA LEVI-MINZI, AND G. MATTHEW MCCLOSKEY<br><br><br>        Defendants. | C.A. No._____ |

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF
         THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MASSACHUSETTS

ON NOTICE TO:

    Robert D. Cohan, Esq.
    Cohan Rasnick Meyerson, LLP
    One State St.
    Boston, MA 02109

    Clerk, Superior Court Department of the Trial Court
    Suffolk Superior Court
    Three Pemberton Sq.
    Boston, MA 02108

    PLEASE TAKE NOTICE that the Defendants McDermott Will & Emery, LLP ("MWE"), Mark G. Lappin ("Lappin"), Simona Levi-Minzi ("Levi-Minzi"), and G. Matthew McCloskey ("McCloskey") (collectively "the Defendants") by and through their undersigned

counsel, and pursuant to 28 U.S.C. §§ 1331, 1338(a), 1441, and 1446, hereby remove the above-captioned matter from the Suffolk County Superior Court in the Commonwealth of Massachusetts, Civ. A. No. 10-02652-BLS2 to the United States District Court for the District of Massachusetts.  In support thereof, the Defendants aver as follows:

1.	On or about July 1, 2010, Nomir Technologies, Inc. ("Nomir") commenced this action by filing a Complaint in the Suffolk County Superior Court in the Commonwealth of Massachusetts.  Copies of the Superior Court filings are attached hereto as Exhibit A.

2.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338(a), because the matter is a civil action arising under the laws of the United States relating to patents.

3.	Venue is appropriate in the Eastern Division of the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a), which provides that removal shall be to the "district and division embracing the place where such action is pending."  The underlying action is pending in Suffolk Superior Court, and Suffolk County is within the Eastern Division of the District of Massachusetts.

4.	This Notice of Removal is being filed within 30 days after service of the Summons in accordance with 28 U.S.C. § 1446(b).

5.	In accordance with 28 U.S.C. § 1446(d), the Defendants will promptly file a copy of this Notice of Removal in the Suffolk County Superior Court in the Commonwealth of Massachusetts and will promptly give written notice of the filing of this Notice of Removal to counsel for the Plaintiff.

### Removal is Proper because this Court has Original Jurisdiction over Nomir's Claims Arising Under the Laws of the United States

6. 28 U.S.C., § 1331 grants to the United States district courts original jurisdiction "of all actions arising under the Constitution, laws, or treaties of the United States." Moreover, the district courts have "original jurisdiction of any civil action arising under any Acts of Congress relating to patents." 28 U.S.C., § 1338(a).

7. Nomir's claims seek the determination of substantial questions involving the application of patent law in connection with malpractice claims asserted against the Defendants. See Complaint, Counts I-IX (asserting legal malpractice claims sounding in negligence, intentional and negligent misrepresentation, breach of fiduciary duty, breach of contract and the covenant of good faith and fair dealing, and violation of M.G.L. c. 93A).

8. Specifically, Nomir alleges that it retained the Defendants "to pursue and protect Nomir's patent applications and patents" and that the Defendants failed "to timely and properly pursue and protect patent applications on behalf of the plaintiff" resulting in allegedly lost profits. Complaint, ¶¶ 1, 10.

9. Nomir claims that the Defendants "failed to either timely respond or obtain an extension of time to respond" to a Notice of Missing parts in connection with patent application no. 10/961,796 (referred to in the Complaint as "Patent no. 013"), and thus abandoned that application "for over 2 1/2 years." Complaint, ¶ 28. Nomir asserts that it has suffered damages in part because the abandonment of Patent no. 013 caused a delay in marketing the patented technology and delayed revenues from products that "were expected to be marketed profitably in direct sequence to Patent no. 013." Id., ¶¶ 53-55. Nomir alleges that its damages include "[t]he loss of over 2 1/2 years of Patent no. 013's patent life" and "continued inhibition of the launch of Nomir's anti-biofilm technology." Complaint, ¶ 59.

10. Nomir also alleges the Defendants' abandoned, and then later refiled, two provisional medical patent applications (referred to in the Complaint at the "032 Application" and the "034 Application"), causing Nomir to lose a priority date regarding its medical patent claims. Nomir further claims that the Defendants' actions caused Nomir to lose the ability to expand the scope of an international patent application relating to Patent no. 013 (referred to in the Complaint at the "013 PCT Application") into the "medical arena." Complaint, ¶¶ 61-69. Nomir alleges that the 013 PCT Application became "statutory prior art," causing Nomir to lose protection of the medical technology covered by the 032 and 034 Applications. Id., ¶ 72. Nomir further alleges that patent applications related to Nomir's medical technology were thus "useless." Id., ¶ 78.

11. Finally, Nomir alleges that the Defendants filed an international patent application (referred to in the Compliant as the "016 Application") that was "incomplete" and now cannot be amended. Nomir claims that as a result of the Defendants' actions, the economic value of the 016 Application "has been substantially reduced." Id., ¶¶ 95-96, 103.

12. In sum, Nomir claims that the Defendants did not assist it "to obtain valid patents with maximum coverage," failed to disclose purported problems regarding the prosecution of Nomir's patents, and that Nomir's patent protection has been "irreparably compromised if not substantially eradicated." Id., ¶ 74.

13. Nomir's right to relief necessarily depends on resolution of substantial questions of federal patent law, such as, for example, determination of whether Nomir's patent protection was compromised, whether any damages to Nomir's patent portfolio were caused by the Defendants' actions, and what would be the value of Nomir's patent applications, but for the Defendants' actions. Resolution of any claims against the Defendants will thus require an

analysis of the patent applications and resulting patents identified in the Complaint.  See Johnson & Johnson Assoc. v. R.E. Serv. Co., 285, F.3d 1046, 1052 (Fed. Cir. 2002) (patent rights are defined by the claims made in the application).

14. While legal malpractice actions may often involve only state law claims, there is an overwhelming body of case law in numerous federal courts, including this one, finding federal question jurisdiction over legal malpractice cases involving patent and other intellectual property issues.  See, e.g., Max-Planck-Gesellschaft Zur Foerderung Der Wissenschaften v. Wolf Greenfield & Sacks, P.C., 661 F. Supp.2d 125 (D. Mass. 2009) (Saris, J.); LaBelle v. McGonagle, 2008 WL 3842998 (D. Mass. 2008) (O'Toole, J.); Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, LLP, 504 F.3d 1262 (Fed. Cir. 2007); Immunocept, LLC v. Fullbright & Jaworski, LLP, 504 F.3d 1281 (Fed. Cir. 2007);Harness, Dickey & Pierce, P.L.C. v. Powerhouse Marks, LLC, 2008 WL 4457782 (E.D. Mich. 2008); Byrne v. Wood, Herron & Evans, LLP, 2008 WL 3833699 (E.D. Ky. 2008).  Indeed, the Supreme Court has explicitly held that jurisdiction under 28 U.S.C. § 1338(a) extends to cases where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

15. Accordingly, this action is one over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and is therefore removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, the Defendants respectfully request that this Court exercise jurisdiction over the civil action now pending between the Plaintiff, Nomir Medical Technologies, Inc. and the Defendants, McDermott Will & Emery, LLP, Mark G. Lappin, Simona Levi-Minzi, and

G. Matthew McCloskey in the Suffolk County Superior Court in the Commonwealth of Massachusetts, Civ. A. No. 10-2652-BLS.

        MCDERMOTT WILL & EMERY, LLP, MARK G. LAPPIN, SIMONA LEVI-MINZI , AND G. MATTHEW MCCLOSKEY

        By their attorneys,

        /s/ Derek B. Domian
        Thomas J. Sartory (BBO# 442500)
        tsartory@goulstonstorrs.com
        Richard J. Rosensweig (BBO # 639547)
        rrosensweig@goulstonstorrs.com
        Derek B. Domian (BBO# 660568)
        ddomian@goulstonstorrs.com
        GOULSTON & STORRS
        A Professional Corporation
        400 Atlantic Avenue
        Boston, MA  02110-3333
        (617) 482-1776

Dated:  July 27, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and with respect to any counsel so registered.  I also certify that I have this day served the foregoing document by causing a copy thereof to be forwarded by hand delivery to counsel for the plaintiff.

/s/ Derek B. Domian

Dated:  July 27, 2010